# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1869V
UNPUBLISHED

DEANNA HARRIS,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: April 11, 2022

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Jennifer A. Shah, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On December 15, 2020, Deanna Harris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury resulting from vaccine administration (SIRVA) after receiving an influenza vaccination on October 14, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 11, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, it is Respondent's position that Petitioner has satisfied the criteria set forth in

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the Table and the Qualifications and Aids to Interpretation (QAI) for left-shoulder SIRVA.[3] *Id.* at 4-5. Respondent further agrees that Petitioner satisfies the statutory severity requirement because the residual effects of her SIRVA continued for more than six months after vaccine administration. *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] The Table and QAI for SIRVA require the onset of pain within 48 hours of vaccination, as well as (1) no history of pain, inflammation, or dysfunction of the affected shoulder prior to vaccine administration; (2) pain and reduced range of motion limited to the shoulder in which the vaccine was administered; and (3) no other condition or abnormality that would explain a petitioner's symptoms. *See* 42 C.F.R. § 100.3(a), (c)(10).